IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| IVAN MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-3407-CV-DPR |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Ivan Mullins in a decision dated July 25, 2012 (Tr. 11-22). The Appeals Council denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **REVERSED and REMANDED** for additional evaluation consistent with this opinion.

LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a

more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)).

## ANALYSIS

Plaintiff argues that the ALJ erred in calculating his Residual Functional Capacity (RFC) and in assessing his credibility (Doc. 10). The Court has thoroughly reviewed the claimant's medical records, hearing testimony, and the ALJ's opinion, and agrees with Mullins that the ALJ's failure to obtain and consider medical opinions regarding his physical ability to function in the workplace constitutes reversible error.

Generally, the claimant is responsible for providing the evidence the agency will use in determining an individual's Residual Functional Capacity (RFC). The agency, however, is tasked with developing a claimant's complete medical history and arranging for consultative examinations if necessary. 20 C.F.R. § 404.1545. Indeed, it is the duty of an ALJ to "fully and fairly" develop the record. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citing *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). Moreover, an individual's RFC is a "medical question" that must be supported by some evidence from a medical professional. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). To properly assess a claimant's RFC, the ALJ "should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell*, 259 F.3d at 712.

The ALJ determined that Mullins suffered from the severe impairments of degenerative

disc disease of the cervical spine; obesity; depression; and a history of alcohol abuse. The record contains only one opinion regarding the claimant's ability to perform work-related physical tasks. That opinion, from Michael Ball, D.O., suggested Mullins was capable of carrying only up to five pounds frequently, and only ten pounds occasionally; standing or walking continuously for only 30 minutes in an eight-hour work day; standing or walking three hours total throughout an eight-hour work day; sitting continuously for only 30 minutes in an eight-hour workday; and sitting three hours total throughout an eight-hour workday. The ALJ rejected Dr. Ball's opinion in its entirety because it was inconsistent with his treatment notes, he did not see the claimant regularly, and his opinion was based only on the claimant's subjective complaints. The ALJ gave good reasons for affording no weight to Dr. Ball's opinion, as she was required to do. *See Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005). But without seeking any additional functional evaluations, the ALJ determined that Mullins had the physical RFC to perform a full range of medium work. There is no support in the record for this determination. On the contrary, the record contains objective medical evidence substantiating the claimant's complaints of back and neck pain. A June 2011 MRI of the lumbar spine showed spondylosis, degenerative disc bulging, and mild facet joint hypertrophy. A September 2011 MRI of the cervical spine showed posterior disc bulging and/or broad-based protrusion impinging the anterior margin of the spinal cord at C6-7, creating a central stenosis and uncovertebral joint hypertrophy encroaching on the right C4 and bilateral C7 neural foramina.

      The Court emphasizes that an RFC calculation *must* be supported by some medical evidence. The ALJ was under a duty to fully develop the record so it contained the opinions necessary to properly determine the claimant's RFC. Given the objective medical findings, the ALJ should have sought the opinion of a physician regarding Mullins' ability to function in the

3

workplace.  It was error for the ALJ to determine the claimant's physical RFC without any supporting medical opinions.  Thus, the Court remands the case to the Commissioner for expansion of the record to include the opinion(s) of medical sources as to Mullins' ability to perform in the workplace, and for subsequent re-evaluation of his RFC.

## CONCLUSION

Based upon a thorough review of the record, the Court finds the RFC determined by the ALJ is not supported by substantial evidence on the record as a whole.  **IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for further development of the record and reassessment of the claimant's RFC.

**IT IS SO ORDERED.**

**DATED:  January 5, 2015**

       /s/ *David P. Rush*
       **DAVID P. RUSH**
       **United States Magistrate Judge**